IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KOVE IO, INC.,<br><br>*Plaintiff,*<br><br>v.<br><br>GOOGLE LLC,<br><br>*Defendant.* | Case No. 1:23-cv-04244<br><br>Hon. Mary M. Rowland<br><br>JURY TRIAL DEMANDED |

**GOOGLE MOTION TO STAY AND FOR EXPEDITED BRIEFING SCHEDULE**

Google moved to dismiss (ECF No. 25) Kove's original Complaint (ECF No. 1) because Kove's patents do not plausibly read on Google's products. Instead of opposing, Kove amended its complaint to drop certain claims and add a few allegations in an effort to save the remaining claims (ECF No. 36, "FAC"). But, because the fundamental problem for Kove remains—namely, that Google's products do not practice Kove's patents—the FAC still does not state a plausible claim against Google. Consequently, Google moved to dismiss Kove's FAC in its entirety (ECF No. 40, "Motion to Dismiss"). The Motion to Dismiss is pending.

Google now respectfully requests that the Court exercise its discretion to stay this case until the Court rules on the pending Motion to Dismiss. Google did not request a stay earlier because Kove was not prosecuting this case in a burdensome manner, and Google did not wish to burden the Court with an additional motion that might prove unnecessary. Things have now changed because, on April 25, 2024, Kove served its Initial Infringement Contentions ("Infringement Contentions"), now asserting a total of 47 claims instead of the four asserted in the FAC. FAC ¶¶ 49, 71, 91. Just two days prior, Kove stated that it wants Google's source code produced as soon as possible. Expanding the case by asserting an additional 43 claims, notwithstanding Google's

pending Motion to Dismiss, and demanding that highly-confidential source code for two large Google products be urgently provided, now imposes time-consuming and expensive burdens on Google in having to prepare initial non-infringement, unenforceability, and invalidity contentions in the coming weeks, and to negotiate the proper scope of relevant source code.

A brief stay is now warranted because Google's Motion to Dismiss has the potential to eliminate the entire case, or at least a significant number of Kove's asserted claims. A brief stay imposes no burden or prejudice on Kove, which waited several years after its patents expired (and long after it learned of the accused products) to sue Google. A relatively short pause in the case to allow the Court to consider and rule on Google's pending Motion to Dismiss is equitable and appropriate under the factors considered by this Court in deciding whether to exercise its discretion to stay the case. Given the impending contentions deadline of May 23, 2024, Google respectfully requests that the Court order expedited briefing on this stay motion (*e.g.*, to close in seven days) so that the Court may decide whether to exercise its discretion to stay this case before Google expends substantial resources on contentions against 47 asserted claims that are unlikely to survive the pleading stage.

### I. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Court's broad discretion also applies to its enforcement of local patent rules. *Keranos, LLC v. Silicon Storage Tech., Inc.*, 797 F.3d 1025, 1035 (Fed. Cir. 2015) ("Local patent rules are essentially a series of case management orders that fall within a district court's broad power to control its docket and enforce its order.") (citations omitted).

> In evaluating a motion to stay, Courts consider whether a stay will:
>
> (i) "unduly prejudice or tactically disadvantage the non-moving party,"
>
> (ii) "simplify the issues in question and streamline the trial, and"
>
> (iii) "reduce the burden of litigation on the parties and on the court."

*Think Prods., Inc. v. Acco Brands Corp.*, No. 19 C 6978, 2021 WL 4992534, at *2 (N.D. Ill. Aug. 3, 2021) (citation omitted).

"[W]hile the filing of a motion to dismiss does not automatically stay discovery, staying discovery during the pendency of such a motion is 'not disfavored and [is] often appropriate where the motion to dismiss can resolve the case.'" *Vital Proteins, LLC v. Ancient Brands, LLC*, No. 1:22-CV-02265, 2023 WL 5671857, at *3 (N.D. Ill. Sept. 1, 2023) (quoting *Bilal v. Wolf*, No. 06 C 6978, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007)) (internal citation omitted) (alteration in original). Moreover, "[s]tays are often deemed appropriate where . . . discovery may be especially burdensome and costly to the parties." *DSM Desotech Inc. v. 3D Sys. Corp.*, No. 08 CV 1531, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (citations omitted).

## II. ARGUMENT

The Court should exercise its discretion to stay the case until Google's Motion to Dismiss is decided because all three factors weigh in favor: a brief stay will (i) not unduly prejudice Kove, (ii) simplify the issues in this case, and (iii) reduce the burden on the parties and the Court.

### A. Kove Will Not Be Unduly Prejudiced By A Stay

Kove will not suffer undue prejudice or tactical disadvantage as a result of a brief stay to allow the Court to consider and decide Google's Motion to Dismiss. This is so for several reasons.

First, Kove and Google are not competitors. Kove has made no argument that it has suffered or will suffer competitive harm. *See generally* FAC. Indeed, Kove cannot show it would

be prejudiced because the asserted patents—U.S. Patent Numbers 7,103,640; 7,233,978; and 7,814,170—all expired years ago and thus can no longer be infringed. *Baxter Int'l., Inc. v. Becton, Dickinson & Co.*, No. 17 C 7576, 2018 WL 11189348, at *2 (N.D. Ill. Nov. 26, 2018).

Second, Kove waited years after it says it first became aware of the accused products, and years after the asserted patents expired, before it filed this case. *See* FAC; Ex. 1, Pl. Kove IO, Inc.'s Objs. and Resps. to Def. Google LLC's First Set of Interrogs. at 6. Thus, Kove's own delay also demonstrates it would not be unduly prejudiced by a stay. *Kove IO, Inc. v. Amazon Web Servs., Inc.*, No. 18 C 8175, 2022 WL 683666, at *3 (N.D. Ill. Mar. 8, 2022) ("Kove's sense of urgency appears to be significantly exaggerated, and Kove conveniently minimizes its own role in hindering the discovery process by waiting so many years to bring this case. Kove never sought a preliminary injunction, nor did it ever sell products that practiced the patents—which have now expired anyway. These factors all suggest that any prejudice resulting from a delay will not be *undue* prejudice.") (citations omitted).

By contrast, Google stands to suffer undue prejudice in the absence of a stay. As noted above, Kove's Infringement Contentions asserted a total of 47 claims. Under the schedule (ECF No. 49), the deadline for Google to serve its contentions under LPR 2.5 is May 23, 2024. And Kove is now pressing Google to provide source code related to functionality allegedly covered by all 47 asserted claims. In the absence of a stay, Google would be required to undertake immense expenditure of time and resources to prepare contentions and negotiate the proper scope of source code for patents that Google did not even plausibly infringe.

### B. A Stay Will Simplify The Issues And Streamline The Case

The Motion to Dismiss challenges each asserted patent. The underpinning of the Motion to Dismiss—the so-called "redirect message," "transfer protocol," and range-based versus hash-

4

based identifiers—are concepts also present in additional and newly asserted independent and dependent claims. Thus, a ruling on the Motion to Dismiss even partially favorable to Google will resolve a significant proportion of the substantive issues in this case. *See Capsa Sols. LLC v. Simplifi Med., LLC*, No. 1:22-cv-05527, ECF No. 40 (N.D. Ill. Jan. 30, 2023) ("[T]he ruling on the motion to dismiss may narrow the claims and focus the issues, which could help make discovery more cost−effective that [sic] it would be now."); *see also Berkeley*IEOR v. Teradata Ops., Inc.*, No. 17 C 7472, 2019 WL 1077124, at *7–8 (N.D. Ill. Mar. 7, 2019) ("While [Plaintiff] correctly states that some issues may remain if this Court orders a stay, resolution of the infringement claim against [Defendant] may potentially resolve the 'major issues' . . .") (citation omitted).

### C. A Stay Will Reduce The Burden On Both Parties And On The Court

Although discovery has begun, it is still in its infancy, with only limited written discovery and document production having taken place. Much work—for both the parties and the Court—remains. A significant portion of that work will likely be unnecessary upon the Court deciding the Motion to Dismiss. Even if the Court does not grant Google's Motion to Dismiss in full, eliminating whole patents from this case, even a partial grant of the Motion to Dismiss, would reduce the burden on the parties and the Court from major milestones that lie ahead, including claim construction, additional fact discovery, expert discovery and disclosures, and summary judgment. *See Capsa Sols.*, No. 1:22-cv-05527, ECF No. 40 (N.D. Ill. Jan. 30, 2023) ("[T]he ruling on the motion to dismiss may narrow the claims and focus the issues, which could help make discovery more cost−effective that [sic] it would be now.").

In the more immediate term, Google's contentions no doubt will be voluminous, and will demand substantial time and resources to complete. Preparing non-infringement, unenforceability,

and invalidity contentions against claims not plausibly infringed would be wasteful. *See id.* ("In this patent infringement case, discovery will be voluminous, time−consuming, and expensive and thus it makes sense for a dispositive motion to be resolved prior to commencing this journey."). Likewise, negotiating the scope of relevant source code for patents claims not plausibility infringed is inefficient.

### III. CONCLUSION

Kove has shown no urgency in prosecuting its claims against Google; a brief stay now is equitable and will not prejudice Kove. Albeit on short notice, but just days after Kove expanded the case considerably, Google requested a meet and confer Monday or Tuesday to discuss the stay requested by this motion. Kove unfortunately could not provide a date certain to meet and confer. Given the upcoming contention deadline and ongoing prejudice to Google, Google felt it imperative to file the motion now to give the Court sufficient time to consider the relief requested. For the foregoing reasons, Google respectfully requests that the Court grant Google's Motion to Stay pending resolution of the Motion to Dismiss, and that the Court order expedited briefing (*e.g.*, to close in seven days) on this Motion to Stay.

DATED: April 30, 2024

Respectfully submitted,

**PAUL HASTINGS LLP**

*/s/ Robert W. Unikel*
Robert W. Unikel (Bar No. 6216974)
Douglas L. Sawyer (Bar No. 6275849)
Mark T. Smith (Bar No. 6315040)
John A. Cotiguala (Bar No. 6311056)
Grayson S. Cornwell (Bar No. 6338845)
Summer C. Stevens (Bar No. 6342946)
71 S. Wacker Drive, Suite 4500
Chicago, Illinois 60606

Tel: (312) 499-6000
robertunikel@paulhastings.com
dougsawyer@paulhastings.com
marksmith@paulhastings.com
johncotiguala@paulhastings.com
graysoncornwell@paulhastings.com
summerstevens@paulhastings.com

Matthias A. Kamber *(pro hac vice)*
101 California Street, 48th Floor
San Francisco, California  94111
Tel: (415) 856-7000
matthiaskamber@paulhastings.com

Andrea P. Roberts *(pro hac vice)*
1117 S. California Avenue
Palo Alto, California  94304
Tel: (650) 320-1800
andrearoberts@paulhastings.com

*Counsel for Defendant*
GOOGLE LLC

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically in compliance with Fed. R. Civ. P. 5(a) on April 30, 2024. As of this date, all counsel of record had consented to electronic service and are being served with a copy of this document through the Court's CM/ECF system under Fed. R. Civ. P. 5(b) and (c).

*/s/ Robert W. Unikel*
Robert W. Unikel
