# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Kove IO, Inc., | Civil Action No. 1-23-cv-04244 |
| Plaintiff, | |
| | Hon. M. Rowland |
| | Action Filed: June 30, 2023 |
| v. | |
| | **JURY TRIAL DEMANDED** |
| Google LLC, | |
| Defendant. | |

## PLAINTIFF KOVE IO, INC.'S OBJECTIONS AND RESPONSES TO
## DEFENDANT GOOGLE LLC'S FIRST SET OF INTERROGATORIES (NOS. 1-10)

Plaintiff Kove IO, Inc. ("Plaintiff" or "Kove"), by and through their undersigned counsel, Federal Rules of Civil Procedure 26 and 33, the Northern District of Illinois Local Rules ("Local Rules"), L.R. 33.1, and any applicable local procedures, laws, or Court orders, hereby serve the following objections and answers to Google LLC ("Defendant" or "Google")'s First Set of Interrogatories (the "Interrogatories").

## PRELIMINARY STATEMENT

1. Kove incorporates by reference each general objection set forth below into each specific answer. The specific answer may repeat a general objection for emphasis or any other reason and/or may also include one or more specific objections(s). The failure to include any general objection in any specific answer shall not be interpreted as a waiver of any general objection to that answer.

2. Kove's answers to Google's Interrogatories are made to the best of Kove's present knowledge, information, and belief. Kove reserves the right to supplement or amend these answers should future investigation indicate that such supplementation or amendment is necessary. Kove reserves the right to make any use of, introduce at any hearing or at trial, information or documents

1

that are responsive to Kove's interrogatories, but discovered subsequent to Kove's service of these answers, including, but not limited to, any information or documents obtained in discovery herein.

## GENERAL OBJECTIONS

1.      Kove adopts and incorporates by reference the following General Objections in each of its specific answers to Defendant's First Set of Interrogatories Nos. 1-10:

2.      Kove objects to the Interrogatories to the extent that they purport, through definitions, instructions, or otherwise, to impose burdens or duties on Kove inconsistent with, or not authorized by, the Federal Rules of Civil Procedure.  In each such case, Kove declines to accept those additional burdens or duties and instead will comply with the Federal Rules of Civil Procedure.

3.      Kove objects to the Interrogatories to the extent they are vague, ambiguous, compound, overly broad, unduly burdensome, oppressive, not reasonably limited in time or scope, seeking irrelevant information, and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Kove objects to the Interrogatories to the extent that they seek "any" or "all" information or documents of a certain description where it would be unduly burdensome to search for and describe "all" information or documents technically responsive to those Interrogatories. Kove will not produce "any" or "all" information or documents where it would be unduly burdensome to do so, but will provide information or documents reasonably sufficient to respond to the subject matter of the Interrogatories.

5.      Kove objects to the Interrogatories to the extent that they require Kove to furnish or produce any information or documents protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, protection, or restriction, or which is otherwise not discoverable under the Federal Rules of Civil Procedure, applicable statutes, or common law.

6.      Kove objects to the Interrogatories to the extent that they require Kove to furnish or

produce any information or documents that contain confidential and/or proprietary research, development, or commercial information, and/or confidential and/or proprietary trade secrets. Kove will furnish or produce any such information or documents pursuant to the Stipulated Protective Order which will be entered in this case.

7.      Kove objects to the Interrogatories to the extent that they purport to require Kove to disclose information in violation of a legal or contractual obligation of nondisclosure to a third party. Kove will provide such information to the extent it is able to, but may need either the consent of the relevant third party or a court order compelling production.

8.      Kove objects to the Interrogatories to the extent that they require Kove to furnish or produce any information or documents which are in the possession, custody or control of third parties, Google, or Google's agents and counsel, or are otherwise of public record and, therefore, are equally accessible and available to Google.

9.      Kove objects to the Interrogatories to the extent to which they require Kove to furnish or produce any information or documents which are not in its possession, custody, or control.

10.      Kove objects to the Interrogatories to the extent to which they require Kove to furnish or produce any information or documents regarding confidential and/or proprietary research, development, or commercial information, and/or confidential and/or proprietary trade secrets other than that confidential and/or proprietary research, development, or commercial information and/or confidential and/or proprietary trade secrets which Kove identifies in the Complaint. Kove also objects to the Interrogatories to the extent to which they require Kove to furnish or produce any information or documents regarding misappropriation, misuse, or improper disclosure involving Persons other than those identified in the Complaint. Accordingly, Kove's answers are limited to information or documents regarding the confidential and/or proprietary research, development, or commercial information, and/or confidential and/or proprietary trade secrets identified in the

3

Complaint, and misappropriation, misuse, or improper disclosure involving Persons identified in the Complaint.

11.     Kove objects to the Interrogatories to the extent that they call for legal conclusions. Kove's answers and any production of documents shall not be construed as providing a legal conclusion concerning the meaning or application of any term or phrase in the Interrogatories.

12.     Kove objects to the Interrogatories to the extent that they call for Kove to form and then render an expert opinion, or to the extent that they require disclosure of expert reports, analysis, findings or assessments that Kove is not yet required to disclose pursuant to the applicable rules and orders.

13.     Kove objects to the Interrogatories and the instructions and definitions contained therein, and made a part thereof, to the extent that they attempt to alter the plain meaning of understanding of any term or attempt to impose obligations on Kove that are inconsistent with and/or in addition to those required under the Federal Rules of Civil Procedure.

14.     Kove objects to Google's definitions of "Plaintiff," "You," "Yours," and "Kove" on the grounds that they render the relevant topics vague, ambiguous, overbroad, and unduly burdensome. Kove will interpret these terms to refer to Kove IO Inc. ("Kove").

15.     Kove objects to "Patent Family" as overbroad, not relevant, and unduly burdensome.

16.     Kove's investigation of facts and discovery of documents and other information relating to the claims at issue in this action is continuing. Therefore, Kove's answers will be based only upon such information and documents as are available to, and known to, Kove at the time of such answers. Kove anticipates that further investigation and analysis of the claims at issue in this action may disclose additional information requested by Google and, therefore, Kove reserves the right to modify and/or supplement any and all of its answers as additional information is obtained or becomes available or known to Kove.

17.     In responding to the Interrogatories, Kove does not waive, intends to preserve, and is preserving the following:

a.     All objections to competency, relevance, materiality, privilege, and admissibility;

b.     All rights to object on any ground to the use of any of the answers herein or documents produced in any subsequent proceeding including the trial of this or any other action;

c.     All rights to object on any ground to any further Interrogatories; and

d.     All rights to revise, correct, supplement, clarify, and/or amend any of the answers herein at any time.

18.     Kove's answers are made subject to these General Objections and will be limited in accordance with these General Objections.  Failure to specifically mention each General Objection in each answer does not constitute a waiver of any General Objection, and all are considered incorporated in each answer by reference.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

For the Accused Products, state the date on which, and describe the circumstances in which, You first became aware of the Accused Products and first formed a belief that Google infringed any Asserted Patent (directly or indirectly).

### RESPONSE TO INTERROGATORY NO. 1:

In addition to its general objections, Kove specifically objects to this Interrogatory as seeking information protected by the attorney-client privilege, attorney work-product doctrine, or any other applicable privilege or exception, particularly as to "form[ing] a belief that Google infringed." Kove objects to this Interrogatory to the extent that it seeks information or documents that are not relevant to any parties' claims or defenses in this litigation, and as being unduly broad, unduly burdensome, and disproportionate. Kove further objects to this Interrogatory on the grounds that it is vague, unclear, and ambiguous. Kove also objects to this Interrogatory as premature to the extent it seeks Kove's expert opinions and/or disputed legal or factual contentions before the appropriate deadlines prescribed by the Federal Rules, Local Rules and any applicable local procedures, laws, or Court orders. Kove reserves the right to update this Interrogatory response as discovery continues and as Kove furthers its investigation, and reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case.

Subject to the foregoing general and specific objections, to the extent Kove can understand this Interrogatory, Kove responds that it first became aware of Colossus at or around the time of its launch in 2010 and Spanner at or around the time of its launch in 2017.

### INTERROGATORY NO. 2:

State all facts concerning any instance known to You in which any person or entity has

applicable local procedures, laws, or Court orders. Kove reserves the right to update this Interrogatory response as discovery continues and as Kove furthers its investigation, and reserves the right to rely on facts, documents, testimony, or other evidence that may develop or come to its attention through the ordinary course of this case.

Subject to the foregoing general and specific objections, to the extent Kove can understand this Interrogatory, Kove hereby incorporates by reference its response to Interrogatory 3.

Dated: February 20, 2024                          Respectfully submitted,

/s/ Khue V. Hoang
Khue V. Hoang
Jaime F. Cardenas-Navia
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
400 Madison Avenue, Suite 14D
New York, NY 10017
(646) 921-1474
khoang@reichmanjorgensen.com
jcardenas-navia@reichmanjorgensen.com

Gina H. Cremona (*pro hac vice*)
**REICHMAN JORGENSEN LEHMAN & FELDBERG LLP**
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
(650) 623-1401
gcremona@reichmanjorgensen.com

Maxwell A. Kling (Bar No. 6327171)
**HORWOOD MARCUS & BECK CHARTERED**
500 West Madison, Suite 3700
Chicago, IL 60661
(312) 606-3214
mkling@hmblaw.com

*Attorneys for Plaintiff Kove IO, Inc.*

24

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 20, 2024, a true and correct copy of

**Plaintiff Kove IO, Inc.'s Objections & Responses to Defendant Google LLC's First Set of**

**Interrogatories (Nos. 1-10)** was served on counsel of record via email.


*/s/ Khue V. Hoang*